The defendant was indicted for selling liquor without license, by a measure less than a quart.
The defendant's father kept a tavern at Cedar Creek, which had been licensed for one year to one Ward. During the year Ward removed, and defendant's father moved in, keeping the tavern under Ward's license for the unexpired term. During that time he sent defendant with a stall to a vendue, two miles from the house, and sold liquor there.
The Court held, that a tavern license is confined to the house, and to the person licensed, or others by his command there. No other can keep a tavern under his license; nor can he keep a tavern or sell liquor elsewhere than at the house referred to in the license. The law is designed to restrict the number of taverns to the public necessities, and to prohibit all others than licensed tavern keepers from retailing spirituous liquors. The court on recommending for license,, must have evidence of the fitness of the person to keep a tavern, and that he has necessary accommodations; and also, that the house or place is in a convenient stage or place for passengers and others; in a suitable place for the public. To change either would be to depart from the license, and evade the law, if sanctioned. It is very common for tenants, on the expiration of their term in taverns, to transfer their licenses to succeeding tenants. This, though not often prosecuted, is not strictly lawful. There is some degree of necessity for it, as the new tenant has no means of procuring license until the session of the court; but there is neither necessity or reason for extending the license to another place.
 The defendant was convicted.